PERKINS v. THE BOARD OF DIRECTORS OF THE INDEPENDENT SCHOOL DISTRICT OF WEST DES MOINES.

1. **Schools:** POWERS OF DIRECTORS: MANDAMUS. The courts may by *mandamus* compel the reinstatement in the public schools of a pupil excluded under a rule of the board of directors, which is void for want of power in the board to adopt it. In any case wherein the jurisdiction and powers of directors or school officers are brought in question a party is not confined to his remedy by appeal to the county superintendent, but may maintain an original action in the courts. ROTHROCK and SEEVERS, JJ., *dissenting*.

2. ——: ——: SUSPENSION OF PUPIL. A board of directors has no power to adopt a rule which will deprive a child of school privileges except as a punishment for breach of discipline or an offense against good morals.

*Appeal from Polk Circuit Court.*

MONDAY, JUNE 20.

MANDAMUS to compel defendants to admit plaintiff into the public school of their district. A demurrer to plaintiff's petition was sustained and judgment rendered for defendants; plaintiff appeals.

*Barcroft & McCaughan,* for appellant.

*Brown & Dudley,* for appellees.

BECK, J.—The petition alleges that plaintiff is a minor of the age of twelve years, and resides within the bounds of the school district of which defendants are directors; that under the law he has a right to attend defendants' school, and did so

attend until the superintendent, in obedience to an order of defendants, refused him admittance thereto, and that he is a person of good moral character and has not been guilty of gross immorality nor of the persistent violation of any rule of the school. The petition shows that plaintiff was expelled from the school upon the following grounds:

. "That on or about the 20th day of September, 1880, while he in company with other pupils of said school was engaged in playing ball, at a proper time, in the neighborhood of said school house, he unintentionally and by accident batted a ball through one of the windows of the school house, breaking a glass of the value of about three. dollars.

"That the defendants had made a rule as follows: 'Scholars who shall be guilty of defacing or injuring any school property shall be required to pay for all damages. Notice of such damage shall be sent to the parents or guardians of the pupil, and in default of payment the case shall be reported to the president of the board who may proceed with it according to law. Scholars thus reported to the president shall not afterward be allowed to attend until payment of damages shall have been made or the case otherwise adjusted.'

"That in pursuance of such rule, payment of said damages was demanded and notice thereof sent to plaintiff's parents, but plaintiff says that he is a child, without means, and unable to earn means to pay such damage, and as a minor is not legally bound to pay the same.

"That his parents refused to pay for said glass, and that for such non-payment, and for no other cause, or excuse, or pretense of cause, the said Parish [the superintendant of the school] refused, and refuses, him admittance to said school, and the defendants ratified his refusal and have directed him, as aforesaid, not to admit plaintiff into said school until the payment of such damage."

The plaintiff alleges that defendants have no authority to enforce the rules under which he was excluded from the

school, and that the action of the defendants in expelling him is unjust and oppressive and in violation of his rights.

To the petition defendants demurred on the ground: 1st, that the court has no jurisdiction of the cause of action set out in the petition, the law creating a special tribunal to which plaintiff should appeal from the action of the board of directors; 2nd, the facts stated in the petition do not show the rule, under which plaintiff was expelled from the school, to be unreasonable or unlawful and in excess of the authority of the defendants in the government of the school.

I.   We shall first inquire whether the Circuit Court has jurisdiction of this action.   The statute provides that any person aggrieved by any order or decision of the directors of a school district may appeal to the county superintendent and from him an appeal may be prosecuted to the superintendent of public instruction.   Code, sections 1829, 1835.

1. SCHOOLS: powers of directors: mandamus.

We need not inquire to what class of cases, wherein the directors may make decisions and orders, appeals to the county superintendent are limited.   That they are limited is very plain.   It cannot be held that decisions and orders refusing the allowance and payment of claims against the district, or construing contracts, or affecting the possession of or right to property, when the interest of a citizen is affected thereby, may not be questioned except upon appeal.   That many such decisions and orders cannot be reviewed under the statutes quoted upon appeal must be conceded.   It is not necessary to inquire just what class may be appealed to the county superintendent and in what cases original actions may be prosecuted in the courts.

It is very plain that in one class of cases appeals are not the exclusive remedy for reviewing or assailing the decision and orders of the school directors.   This class includes all cases wherein the jurisdiction and power of the directors are brought in question and wherein questions arise involving

the construction of statutes conferring power upon school officers. The courts of the State are arbiters of all questions involving the construction of the statutes conferring authority upon officers and jurisdiction upon special tribunals. It was certainly never the intention of the legislature to confer upon school boards, superintendents of schools, or other officers discharging *quasi* judicial functions, exclusive authority to decide questions pertaining to their jurisdiction and the extent of their power. All such questions may be determined by the courts of the State. Hence, when the rights of a citizen are involved in the exercise of authority by a school officer, the courts may determine whether such authority was lawfully exercised.

The courts by *mandamus* may compel the directors of a school to admit a pupil who has been unlawfully excluded. See *Clark v. The Board of Directors*, 24 Iowa, 266; *Smith v. Independent School District*, 40 Iowa, 518; *Dove v. Same*, 41 Iowa, 689.

III. We are next to inquire whether defendants, as school directors, had authority to promulgate and enforce the rule under which plaintiff was excluded from the school.

2. ——: ——;
suspension of
pupil.

It will be observed that plaintiff was guilty of no breach of discipline or of any offense against good order.

By an accident and without any evil purpose he broke a window-glass. The rule requires him to pay the damage done and in default thereof authorizes the directors to exclude him from the school. We may admit that he ought to pay the damages and is liable therefor. But we think his omission to perform this duty cannot be punished by expulsion from the school. The State does not deprive its citizens of their property or their liberty, or of any rights, except as a punishment for a crime. It would be very harsh and obviously unjust to deprive a child of education for the reason that through accident and without intention of wrong he des-

troyed property of the school district. Doubtless a child may be expelled from school as a punishment for breach of discipline or for offenses against good morals, but not for innocent acts.

In this case the plaintiff was expelled not because he broke the glass, but because he did not pay the damage sustained by the breaking. His default in this respect was no breach of good order or good morals. The rule requiring him to make payment is not intended to secure good order but to enforce an obligation to pay a sum of money.

We are clearly of the opinion that the directors have no authority to promulgate or enforce such a rule.

We conclude that the court erred in sustaining the demurrer to the petition.

REVERSED.

ROTHROCK J., *dissenting*.—The Code, Sec. 1829, provides as follows: "Any person aggrieved by any decision of or order of the district board of directors, in matter of law or fact, may within thirty days after the rendition of such decision or the making of such order appeal therefrom to the county superintendent." By Sec. 3376 it is provided "that an order of *mandamus* shall not be issued in any cause where there is a plain, speedy and adequate remedy in the ordinary course of the law" * * * *. Now if the plaintiff in this case had the right to appeal from the order of the directors prohibiting him from attending the school, and if an appeal was an adequate remedy, the proceedings by *mandamus* cannot rightfully be maintained.

The board of directors had power to make rules and regulations for the government of the schools. Code, § 1726. The directors are required to aid the teachers in establishing and enforcing rules for the government of the schools (Code, § 1734); and they may dismiss or suspend any pupils from the school for gross immorality, or for persistent violation of the regulations or rules of the school. § 1735. The rule or

regulation under which the plaintiff was suspended may have been wrongful, and one which the directors ought not to have made, and it may be that it should not have been enforced against plaintiff. But these questions could have been fully and fairly tested in the ordinary course of the law by an appeal to the county superintendent. It is no answer to this position to say that the remedy by appeal provided by law is inadequate, because the decision of the county superintendent or the state superintendent, if appeal be taken to him, cannot be enforced. The presumption is that if upon appeal the order should be reversed, the directors will obey the decision of the appellate tribunal. Upon their refusal to do so it will be time enough to resort to the courts for the writ of *mandamus*. As is said in *Ind. Dist. of Lowell v. Ind. Dist. of Duser*, 45 Iowa, 394, "while his action (the county superintendent's) would not be in the nature of a judgment upon which process for the collection of the amount awarded to the party recovering could issue, it would be a decision binding upon the parties." In *Marshall v. Sloan*, 35 Iowa, 445, it was squarely held that a party aggrieved by the action of a board of school directors, having an adequate remedy by appeal to the county superintendent, and from him to the state superintendent, is not entitled to a writ of *mandamus*. And in *Kirkpatrick v. Ind. Dist. of Liberty*, 53 Iowa, 585, it was held that the remedy of a teacher who was wrongfully discharged by a board of directors for incompetency was by appeal, and that he could not at once maintain an action for breach of the contract under which he was employed as a teacher.

It appears to me that this is a case where the remedy by appeal is peculiarly appropriate. The controversy is one concerning the proper government of the school, and it should be determined by the tribunal appointed by law to settle such questions. If resort can be had to the courts without first appealing to the county superintendent and from him to the state superintendent the law allowing an appeal becomes a dead letter and wholly useless and inoperative.

The cases cited in the majority opinion, it appears to me, have no bearing upon the question as to whether the action of *mandamus* is the proper remedy. No such question was made in the pleadings nor upon trials below, nor upon appeal in this court. The mere fact that those actions were in form proceedings in *mandamus*, and the court did not of its own motion refuse to entertain jurisdiction, cannot be held as determining that *mandamus* was the proper remedy.

In my opinion the ruling of the court below upon the demurrer was correct, and I am authorized to say that SEEVERS, J., concurs in the views which I have herein expressed.