EMILY T. ANDERSON, Trustee, and in Her Own Right, AND J. F. SMITH, Appellants, v. JAMES CAMERON, Appellee.

Taxation: PAYMENT UNDER PROTEST: RECOVERY. Money volun-
1    tarily paid under a claim of right and with knowledge of the facts, cannot be recovered back on the ground of invalidity of the claim, though paid under protest; but payment, the result of coercion or duress, may be recovered.

Redemption: RIGHTS OF PURCHASER. The purchaser at a sale for
2    a void tax, without notice of such invalidity, is guilty of no wrong against the owner of the property, and may retain as against such owner, money paid to redeem, although he knows it was so paid under protest.

Redemption: LIABILITY OF PURCHASER. A city may be the agent
3    of the purchaser of property at a tax sale for the purpose of receiving the redemption money paid by the owner, but such fact will not render the purchaser liable for the wrongful act of the city in selling the land, so that a recovery of the redemption money may be had from him.

*Appeal from Keokuk Superior Court.*—HON. FELIX T. HUGHES, Judge.

SATURDAY, JANUARY 16, 1904.

ACTION to recover money paid the city of Keokuk in re-
demption from the sale of a lot for special assessments. The
trial court sustained a demurrer to the petition, and plain-
tiffs appeal.—*Affirmed*.

*J. F. Smith* for appellants.

*J. E. & T. A. Craig* for appellee.

DEEMER, C. J.—Defendants purchased the lot at a
tax sale held by the city of Keokuk in the year 1888. On
the 9th day of March, 1891, plaintiffs redeemed the lot
from the sale by paying the amount necessary to effectu-
ate the redemption to the city of Keokuk, who it is alleged
is the agent of the defendant; and that defendant received
the money knowing that it had been paid under protest.
Sufficient allegations are made to show that the tax for
which the sale was made was illegal and void; and, aside
from a motion to dismiss, which is without merit, and will
be overruled, the sole question in the case is, does plain-
tiffs' petition show that the payment was compulsory, or
made under such circumstances as that he may recover
the amount thereof from Cameron, the tax sale purchaser?
The rule is well settled that money voluntarily paid under

1. PAYMENT        a claim of right and with full knowledge of
under protest:
recovery.         the facts on the part of the person making
the payment cannot be recovered back on the grounds that
the claim was invalid or nonenforceable. *Garner v. Fry*,
104 Iowa, 515; *Muscatine v. Keokuk Co.*, 45 Iowa, 185;
*Murphy v. Creighton*, 45 Iowa, 179. The mere fact that
one protests at the time that he is not legally bound to
make such payment does not change the rule. See cases
cited above. However, if payments are coerced under
duress or unlawful compulsion they may be recovered back.
There is a manifest distinction, however, between an un-
willing payment—one made under protest—and a compul-

sory one. *Eickerman v. Lord*, 21 Iowa, 338. The facts regarding the payment, as alleged in the petition, are as follows: "That said payment was made under protest because it was necessary to sell the lot to close' up the affairs of an old partnership of Anderson and Smith; that such sale could only be carried out by redeeming from the cloud on the title to said lot caused by the said tax sale to defendant, and the purchaser refused to go on with the sale by taking security for the removal of said tax claim, and required said cloud to be removed by redemption and in no other manner; that plaintiffs were compelled to redeem under protest or lose the sale." Does this show such a payment under compulsion as entitles the plaintiffs to recover from defendant the amount so paid? Unless there be some rule peculiar to the payment of taxes under protest, it is manifest from the authorities hitherto cited that plaintiffs cannot recover, for neither the defendant nor the city was attempting by distress or otherwise to collect the tax at the time the payment was made. On the general proposition involved there is a sharp conflict in the authorities, and our own cases are not entirely consistent. According to the last pronouncement on this subject, the tax must be absolutely void, the money must have been actually received by the corporation, and the payment must be made under compulsion, and not voluntarily. *H. L. & B. Co. v. City of Marion*, 110 Iowa, 468. The difficulty with such cases when brought against a city is to determine what is a compulsory and what a volunary payment. Many cases hold that if the tax is void, and paid under protest, it may be recovered back, on the theory, we suppose, that it is inequitable for the city to hold it under such circumstances. This doctrine is hinted at, if not definitely announced, in the cases above cited. We are relieved from the necessity of determining whether or not an action would lie against the city for the reason that the case as to it is not before us.

The action is to recover the amount paid in redemption from one who purchased the property at a tax sale held by the city. He undoubtedly had the right to pur-

2. REDEMPTION; rights of purchaser. chase the property at tax sale, and to pay the amount of the taxes assessed against it. His act in so doing was not a wrong of which plaintiffs may complain. Of course, he took his chances on the title he might ultimately obtain, but his act was not a wrong, so far as plaintiffs are concerned. Having purchased the property at this sale, he was entitled to receive the money paid in redemption from that sale. While the city may have been without authority in levying the tax and in selling the property, defendant in no manner aided it therein. Nor was the city his agent in selling the property. It may have held the money paid in redemption for his benefit, and may perhaps be said to have been his agent in receiving it, but this does not make his act in receiving the money a wrong as against the plaintiffs. Plaintiffs have conferred no such benefit on the defendant as to make it inequitable for him to retain the money paid in redemption. He simply received back from the city that which he was entitled to, and no implied contract for reimbursement will arise under the circumstances pleaded in the petition. Had defendant been instrumental in any way in the levy or assessment of the tax, or had it been for his benefit, a different question might arise. But he was not. According to the averments of the petition, he had nothing to do with the tax except to purchase the property at tax sale. It is not alleged that he had any sort of notice regarding the illegality of the tax. True, it is stated that he knew the money was paid under protest, but this is not enough to justify a recovery against him. It may have given the plaintiffs a right to recover against the city, but there is no implied contract on defendant's part to return the money. He had paid the city the

amount of the taxes at tax sale, and was entitled to be reimbursed by it for the amount paid with interest.

Plaintiffs contend, however, that they had no remedy against the city after the payment by it to the defendant of the money received under redemption. We need not **3. REDEMPTION:** determine this proposition, for it would not **liability of purchaser.** aid us in solving the question now before us. No benefit, as we have said, was conferred upon defendant, and he did no wrong in receiving the money, even if he knew that it was paid under such circumstances as would justify a recovery against the city under the author-ities referred to in the *City of Marion Case.* Either the city or the person for whose benefit the tax was levied is the only one who is in the wrong in this matter. But it is said that the city was the agent of the defendant, and that defendant is bound by the city's act. In a certain sense the city was defendant's agent; that is to say, it re-ceived the money paid in redemption for the defendant. But the wrong of the city, if there was one, antedates this act, and this wrong was not one for which defendant is responsible. That was committed either by the city or by the person for whose benefit the original tax was levied. One or the other of these parties was, under plaintiffs' theory, unjustly enriched, and under some of the cases might be compelled to refund. Defendant had no part in these transactions; so therefore there can be no recovery against him. Plaintiffs have mistaken their remedy, if they have any.

The trial court was right in sustaining the demurrer, and its judgment is AFFIRMED.