Cross v. Bd. Tr. of Walton Graded Common School District.

Case 59.—ACTION BY WAITE CROSS, BY NEXT FRIEND
AGAINST BOARD OF TRUSTEES OF WALTON GRADED
SCHOOL DISTRICT FOR AN INJUNCTION REQUIRING
THEM TO REINSTATE HIM IN THE SCHOOL.—November 16.

121    469
s129    38
129    47

## Cross v. Board of Trustees of Walton Graded Common School District.

Appeal from Boone Circuit Court.

John M. Lassing, Circuit Judge.

Judgment for defendants. Plaintiff appeals. Reversed.

1. Schools and School Districts—Pupils—Expulsion—Injunction—Petition—Where, in a suit for a mandatory injunction to restrain the board of trustees of a graded school district from refusing to permit a pupil to attend, the petition alleged that the trustees arbitrarily expelled complainant from school, and refused on request to reinstate him or permit him to return, and alleged that they "now refuse to permit him to attend said school, and will continue to do so, unless they are enjoined from so doing," and that he had asked the defendants for the privilege of attending school, but had been denied that privilege by defendants, the petition sufficiently alleged that defendants would prevent complainant from attending the school in the future.

2. Same—Right to School Privileges—Trustees—Powers—Statutes—Ky. Stats. 1903, sec. 4364, defines common schools and provides who may attend; sec 4367 declares that all pupils who may be admitted shall comply with lawful regulations, and that willful disobedience, etc., shall constitute ground for suspension or expulsion; and sec. 4473 authorizes the trustees to adopt by-laws and rules for the government of graded common schools in their respective districts, open to the inspection of citizens thereof, etc. Held—That the trustees of a graded school district had no right to arbitrarily expel a pupil from a school which he attended, nor to arbitrarily

refuse him the privilege of attending the school in the future in the district in which he resided.

3. Same—Color—Presumptions—Where, in a suit to compel trustees of a graded school district to permit complainant to attend school, the petition alleged that complainant had been arbitrarily expelled from the school in such district, it would be presumed that he was of the color which properly admitted him as a pupil, and the complaint was, therefore, not objectionable for the failure to allege whether he is white or colored.

S. W. TOLIN and JOHN S. GAUNT for appellant.    ,

GREENE & VANWINKLE of counsel.

POINTS AND AUTHORITIES DISCUSSED.

1. Is the right of a pupil, possessing all the qualifications of the school law of this State to attend a graded common school, an absolute right or one dependent upon the will and favor of the trustees?

2. Has the board of trustees the right to expel a pupil from a school of this kind, or any other, without cause or provocation, and that unfairly and maliciously done as alleged in this case and admitted to be true?

3. Are the actions of such trustees, who arbitrarily and unfairly expel a child from such school, and denies a hearing or investigation, final and conclusive, or the subject-matter of review by the courts?

4. The court's ruling on the special demurrer filed by appellees was correct, although appellant would no doubt have preferred to try the matter before the county superintendent, but was confident that official had no jurisdiction of the matter whatever. (Mathews, &c. v. Rogers, Supt., 21 Ky. Law Rep., 907-8; Ky. Stats.; sec. 4506.) The court should have refused to set aside its first ruling on the general demurrer of appellees to the petition, as the petition stated a cause of action and sought the appropriate relief. (The Board of Education of Cartersville v. Purse, [Georgia case], 41 L. R. A., 593; Board of Education of the City of Covington v. Booth, &c., 23 Ky. Law Rep., 288.)

5. Where a party has more than one remedy he may resort to either, and especially to the most speedy one. (Merrill on Mandamus, secs. 52 to 54; Archie v. State, 99 Ga., 23.)

6. School boards are not such courts that are beyond control by mandamus, and a city school board is not such a court that it can

not be controlled by mandamus. (School District No. 23 v. McCoy,. 30 Kan., 268.)

7. The only grounds upon which courts of equity may grant injunctions are not specified in the Code. The provisions of the Code of Practice upon this question were not intended to take away other well recognized grounds of equity jurisdiction, which may be found necessary for the full and proper administration of justice. (Gates v. Barrett, 79 Ky., 295.)

8. The rule in regard to members of secret societies who have been expelled and seek the aid of the courts by mandamus or injunction, to prevent the order of expulsion remaining in force,. has no application to this case. There is no degree of analogy between secret organizations and the graded common schools of this State. In one the members are admitted and remain at the will or sufferance of his fellow members, and in the other the law of the State prescribes the rights and qualifications of admittance. But in voluntary associations, which are different from secret societies, this court has sustained the office of injunctions where members were expelled from the association arbitrarily and wrongfully, the result affecting their financial standing, and depriving them of the use of property that is common to all, however insignificant in value. (91 Ky., 339.)

9. If appellees had promulgated or published rules for the government of the Walton Graded School, none of them were violated by appellant, as shown by the petition and admitted by appellees' demurrer. Boards of trustee may make reasonable rules for the proper conduct of schools. Appellees should have been required to answer, and if they relied on a violation of any rule of school as a reason why they excluded appellant, then the question of whether or not that rule was reasonable would have been passed on by the court. As held by the Supreme Court of Missouri, "a rule is unreasonable requiring that no pupil should attend a social party." (Dritt v. Snodgrass, 66 Mo., 286, A. M. Rep., 343; referred to in 7th vol. of Lawson's Rights, Remedies and Practice, p. 6159; secs. 3909-10.) "A regulation that each scholar, when returning to school after recess, shall bring into the school room a stick of wood for the fire" is unreasonable. (State v. Board of Education, 24 Am. L. Reg., 601, cited and construed by Lawson under the same section above.) "So is a rule requiring pupils to pay for school property which they wantonly and carelessly break or destroy." (State v. Vanderbilt, 116 Ind., 11, 9th Am. St. Reps., 820, cited and construed by Lawson under the same sections as above. While no violation of any rule of school is involved in this case, still we cite and present the above cases for the purpose of showing the reason why the general

Cross v. Bd. Tr. of Walton Graded Common School District.

demurrer to the petition as amended should have been overruled and appellees required to answer, and plead such violation, if any, as a defense; and the question would have then been presented whether or not it was such a reasonable rule as the trustees had the power to enforce. But whether the rules of appellees were reasonable or unreasonable, if they maintained any such rules, they admit that appellant did not violate any of them, and that they expelled him just as charged in the petition and the amendment thereto.                                              ,

10. If the board of trustees can not act in the manner in which they have in this case, and admitted by them, and the injured party has no redress of his grievance, there would be nothing left in the Walton Graded Common School-except the board of trustees and the teacher. They would have more power than the court and more than any officer of this Republic. "Absolute and arbitrary power over the lives, liberty and property of freemen exist nowhere in a Republic, not even in the largest majority." (Sec. 2, present Constitution of Kentucky.)

B. F. MENEFEE for appellees.

## POINTS DISCUSSED.

General demurrer to the petition, because the allegations are insufficient to authorize the relief sought. The strictest pleading is required where a mandatory injunction is sought against trustees of graded common schools. (Ky. Stats., secs. 4487 and 4477.)

We urge strongly that the petition is defective in failing to state whether appellant is a white or colored person, or whether said school was organized for white or colored persons. Sec. 4487, Ky. Stats., provided that no white child shall attend a graded common school for colored children, nor shall a colored child attend a graded common school for white children.

Opinion by Judge Barker—Reversing.

This is an action by Waite Cross, an infant, suing by his next friend, James Cross, against the board of trustees of the Walton graded common school district, for a mandatory injunction requiring them to reinstate him in the school of that district, from which he alleges, he was unlawfully and arbitrarily expelled, and is now restrained by the appellees from attending. The petition alleges the establishment of the Walton

school district and the residence of Waite Cross therein; that he is within school age, and entitled to attend the school as a pupil; that prior to April 4, 1904, he had been allowed to attend, and that at all times he was obedient to the rules, deporting himself in a proper manner, but on that day the appellees arbitrarily, unfairly, maliciously, and without provocation expelled him from the school, and refused to permit him to attend therein during the remainder of the term, "and now refuse to permit him to attend said school, and will continue to do so unless they are enjoined from so doing; that he has asked the said defendants for the privilege of attending said school, as he is entitled to same, but he has been denied that privilege by said defendants." By an amended petition, he alleged that the order of the trustees expelling him is not limited to any time, "but expels him therefrom without any conditions or limitations, and said order is now in full force and effect, and the trustees refuse to set it aside or modify it in any way, but now persist in keeping same in force and are doing so without right or cause, although plaintiff has petitioned the full board of trustees to restore the said Waite Cross to said school, and to set aside said order of expulsion, all of which they refused to do." A general demurrer of the trustees to the petition as amended was sustained, and, appellant declining to amend, it was dismissed.

Sec. 4364 of the Ky. Stats., of 1903 defines common schools, and provides who may attend.

"Sec. 4367. All pupils who may be admitted to common schools shall comply with the regulations established in pursuance of law for the government of such schools. Willful disobedience or defiance of the authority of the teachers, habitual profanity or vul-

garity, or other gross violation of propriety or law, shall constitute good cause for suspension or expulsion from school.

"Sec. 4473. Said trustees may adopt such by-laws and rules for the government of themselves and their appointees, and for the control, government and management of graded common schools in their respective districts, as they may deem necessary, not in conflict with law, and shall keep a journal of their proceedings, which shall be open at all times to the inspection of any citizen of the graded common school district in which he or she may reside."

Counsel for appellees in his brief admits, generally, the right of one unlawfully kept from entering a common school by the trustees to a mandatory injunction requiring them to admit the pupil; but he insists that in the case at bar the allegations with reference to the trustees' preventing the appellant from attending the school in the future are not sufficiently definite and certain to authorize the issuance of the writ. That we may not misstate his position in this regard, we quote as follows from his brief:

"There must be some substantial, definite, and certain allegation as to the threatened interference on the part of the trustees to authorize the harsh remedy sought in this case. We concede that a court of equity, in a proper case, may by mandatory injunction compel those in charge of graded common schools to admit any person with the proper qualifications; but we insist that, before the court will issue an order of mandatory injunction against the officers of such schools, all the material allegations that are necessary to authorize such action must be made, the strictest pleading should be required, and no loose, scattered language will suffice. Facts must be alleged and

not inferred. The wrong complained of in the petition was the arbitrary expulsion of appellant by the trustees on April 4, 1904, for the remainder of that term, and those allegations have no relation to the future, no connection with the fall term, no relation to it; that they simply show, and it is admitted by the demurrer for the purpose of this case, "that he was arbitrarily expelled from said school for the remainder of that term, but there is no allegation in the petition that shows that the trustees ever threatened to prevent the appellant from attending the fall term of said school. So I insist that all of the acts prior to July 28, 1904, have no connection with, and are no part of the substance of the grounds for, the relief sought in the petition."

This position is entirely too technical. The petition alleges that the trustees have arbitrarily expelled appellant from school, and refused, upon request, to reinstate him or permit him to return. The allegation of expulsion is not limited to the school term at which it took place. By the petition as amended the expulsion is alleged to be permanent. The allegation as to the future is as follows: And they "now refuse to permit him to attend said school, and will continue to do so unless they are enjoined from so doing; that he has asked the said defendants for the privilege of attending said school as he is entitled to same, but he has been denied that privilege by said defendants." Taking these allegations in their ordinary signification, they clearly mean that the expulsion of appellant was permanent; that the trustees have refused, and will, unless restrained, continue in the future to refuse, him the privilege of attending school. Appellees had no right to arbitrarily expel appellant, and have no right to arbitrarily refuse him the privilege

of attending in the future the public school of the dis-trict in which he lives.

It is also insisted that the petition is defective, in that it fails to state whether the appellee is a white or colored pupil, and therefore it is urged that it does not appear whether or not he is entitled to enter; it being unlawful for a white pupil to attend a common school for colored pupils, and for a colored pupil to attend a common school for white pupils. It may be conceded that there would be great force in this position if appellant was seeking to enter the school as an original proposition; but, having been allowed to attend prior to April 4, 1904, as a pupil, it must be presumed that he is of that color which properly admitted him as a pupil.

Of course, we do not intend to be understood as holding that the trustees of common schools in this State may not, under secs. 4367 and 4473 of the Kentucky Stats., of 1903, prescribe rules and regulations for the discipline of the pupils, and expel them for violation thereof, or, when this is done, that we have the power to review their honest judgment as to whether the pupil was guilty or innocent of the charges; but we think, where it is admitted, as is done by the demurrer here, that the expulsion was without charge of misconduct, and made arbitrarily and maliciously by the trustees, and that they refuse to reinstate appellant upon request, and will continue the expulsion in the future unless restrained by order of the court, this constitutes a ground for legal redress. Nothing can be more important to the upholding and maintenance of the common school system in its integrity than the enforcement of wholesome and reasonable discipline among the students. This high duty is cast upon the trustees, and the courts will never

Cross v. Bd. Tr. of Walton Graded Common School District.

interfere with them while acting within their legal province; but the exercise of arbitrary power is forbidden by the Constitution to any man or set of men within this Commonwealth.

The judgment is reversed, with directions to overrule the demurrer and for further proceedings consistent herewith.