F. A. NOVAK v. F. H. NOVAK, FRANK NOVAK and MILTON REMLEY, Cross-petitioner, Appellant.

**Continuous account:** LIMITATIONS: ADJUDICATION. An account consisting of ten items, seven of which were for services rendered prior to 1895, the dates of two items not being given and the other for services in an action rendered between Dec. 21, 1892, and Feb. 28, 1896, the petitioner alleging inability to more specifically state the dates, will not as a matter of law be regarded as a continuous account so as to suspend limitations until the date of the last item; and a conclusion of the

court on a petition filed April 9, 1898, that the services were rendered at such times did not amount to a finding that the items were not barred.

**Objection to pleadings:** WAIVER. A codefendant who answers a 2 cross-petition on its merits, without previous objection, submits himself and the subject matter of the petition to the jurisdiction of the court; and cannot thereafter have the cross-petition dismissed as to him on the ground that it represents matter not germane to the original petition.

**Appeal:** TRIAL DE NOVO. Where the trial court dismisses a cross- 3 petition because not presenting matter germane to the original, that question alone may be reviewed on appeal; since the appellate court is not required to hear an equity cause *de novo* until there has been a hearing and decision on the merits in the court below.

*Appeal from Johnson District Court.*— HON. CHAS. A. BISHOP and HON. O. A. BYINGTON, Judges.

WEDNESDAY, FEBRUARY 19, 1908.

PETITION was filed June 24, 1896, by F. A. Novak asking judgment on a note of $600 executed to Frank Novak by F. H. Novak and praying for the foreclosure of a mortgage excuted by F. H. Novak and wife on certain lots in Iowa City securing their payment. Milton Remley had become owner of the lots, and April 9, 1898, filed his answer and cross-petition alleging that F. H. and Frank Novak were largely indebted to him, and that at the time he acquired the lots it was agreed that Frank Novak should cancel said mortgage; that the transfer of the note to F. A. Novak was after due, and for the purpose of cheating the cross-petitioner; that items of indebtedness were owing cross-petitioner in the aggregate of $1,235.72 over and above the amount of the mortgage; and he prayed that said mortgage be canceled of record and judgment be entered against Frank Novak for the above amount. In May, 1899, the issues were tried between plaintiff and defendant and decree of foreclosure entered against the lots as prayed. The

cause was continued on the cross-petition against Frank No-
vak for further action. Remley appealed from the decree,
which was affirmed October 21, 1901. 87 N. W. 1134.
On April 28, 1900, in pursuance of a motion of Frank
Novak, Remley filed an amendment to the cross-petition,
making the same more specific, and on May 1st following,
Novak filed an answer putting in issue the items of the
cross-petition, and as to part of them pleading the statute
of limitations. On the 3d of October, 1901, when the cause
was reached for trial, Novak filed an amendment to his an-
swer, referring to the pleadings in the main case, alleging
the transfer of the note and mortgage in good faith before
maturity April 24, 1896, denying any interest therein or
the subject-matter of the action, and averred " that neither
of the counts of the cross-petition or any of the causes al-
leged therein in any way relate to or affect the subject-mat-
ter of this action." He also enlarged his plea of the statute
of limitations. The cross-petitioner moved to strike this
amendment, and this motion was submitted with the case.
The cause was heard before the Hon. Chas. A. Bishop, then
on the district bench, on the 5th of October, 1901, and
taken under advisement. Shortly before his resignation as
district judge (Feb. 22, 1902) he advised the parties of his
decision, and inclosed a form of decree, duly signed, to
Remley, to be filed. The latter, supposing it to be a copy,
retained the same until discovering that decree had not been
entered, and after fruitless negotiations on October 8, 1904,
moved the court either to set aside the submission or order
the decrees signed by Judge Bishop spread upon the record
of the court. The motion was overruled, and the court,
Hon. O. A. Byington presiding, ordered the decree as pre-
pared to be entered of record. Therein the court found
that the allegations of the cross-petition with respect to the
rendition of services by Remley and the value thereof were
true; but, being of the opinion that the claim made in the
cross-petition had " no relation to the subject-matter of the

action as shown by the pleadings," the cross-petition was dismissed. The cross-petitioner appeals.— *Reversed*.

*Milton Remley* and *Chas. A. Clark,* for appellant.

*Bailey & Murphy* and *Baker, Ball & Ball,* for appellee.

LADD, C. J.— The hearing, in which the decree complained of was entered, was on issues raised by the cross-petition of Milton Remley and amendment thereto, and the answer of Frank Novak and amendment thereto. This cross-petition was filed in an equitable action to foreclose a mortgage, as the cross-petitioner was the owner of the lots sought to be sequestrated to the satisfaction of the mortgage, and pleaded facts, which, if true, would have lead to the defeat of the claim of the holder of the mortgage and its cancellation. This was on the theory that the plaintiff, F. A. Novak, had acquired the mortgage of Frank Novak, but not in good faith or for value, after Frank Novak had agreed to cancel it in part payment of an indebtedness owing by him to Remley, who also prayed judgment for the balance due, or for the entire indebtedness if the defense failed. Upon hearing the defense did fail, and decree of foreclosure was entered for plaintiff as prayed. But the cause of action alleged in the cross-petition was continued. When or how Frank Novak became a party to the action does not appear, nor is it material. He did appear to file a motion on or prior to April 28, 1900, for an amendment to the cross-petition was filed on that day in pursuance of a motion by him, and he did answer three days later, and without suggesting in any way the impropriety of the cross-petition in such action. It was not until October 3, 1901, some sixteen months afterwards, and when the cause was reached for trial, that this for the first time was raised in an amendment to the answer. The cause was pending on the equity side of the

1. CONTINUOUS ACCOUNT: limitations: adjudication.

calendar, and, although issues at law only were involved for all that appears, was heard as an equitable action. The trial court especially found for the cross-petitioner on the merits, save the issue raised by the plea of the statute of limitations, for the decree recites " that said Milton Remley was employed by said defendant Frank Novak, as alleged in the cross-petition. The court further finds that the allegations of the said cross-petition of said Milton Remley with respect to the services rendered by him are true, and that they were rendered by him for and in behalf of said defendant Frank Novak substantially of the character and at the time the value of the services as so rendered by said Milton Remley for and on behalf of said defendant Frank Novak, were as alleged in said cross-petition." The record does not disclose the appearance of Novak to the cross-petition prior to April 28, 1900, and most of the dates to the items in the statement of account attached to the cross-petition antedate April 28, 1895. Moreover, the items as given cannot be said as a matter of law to constitute a continuous account so that the period of the statute of limitations would begin to run from the last item, for of the ten items seven were for services prior to 1895, the dates of two were not given, and the other for services in a case from December 21, 1892, until February 20, 1896; and, though it is alleged that services were rendered until October 1, 1896, the cross-petitioner further avers that he cannot at the present time more specifically state the exact date at which the services were rendered. The conclusion of the court, then, that the services were rendered at the time alleged, cannot be held to amount also to a finding that the items of account were not barred by the statute of limitations. Evidently that issue was not considered.

The trial court dismissed the cross-petition, not because the cause was barred by the statute of limitations, but for that it was not germane to the cause of action stated in the original petition. This was error, for the reason

that Frank Novak had answered the cross-petition, and thereby submitted the subject-matter and him-

**2. OBJECTION TO PLEADINGS: waiver.** self to the jurisdiction of the court. *Boland v. Ross,* 120 Mo. 208 (25 S. W. 524). See *Fitz-gerald v. Cross,* 30 Ohio St. 444. Had he cared to raise the point that the cause of action stated in the cross-petition did not in any way affect that contained in the original petition, he should have raised the question by motion to strike or to dismiss. See *Mahaska County State Bank v. Christ,* 82 Iowa, 56. Having pleaded to the merits he was not in a situation to question the procedure by which he was brought into, or submitted himself or the subject-matter to the court's jurisdiction. It was competent for the parties, by mutual consent, to submit the issues joined to the court for its determination, and we are of the opinion that is the effect of their conduct in this case. To permit a party to proceed to trial in the circumstances, and, upon a finding against him on the merits, escape judgment for the amount found due, because of some irregularity in getting him into court, would be inconsistent with the proper and orderly administration of justice. As was well said by Sherwood, J., in *Institution v. Collonious,* 63 Mo. 290: " The court had the subject-matter of this suit within its grasp; had jurisdiction of that and likewise of the parties; and the doctrine is too well settled to admit of either discussion or dispute that, when a court of equity once acquires jurisdiction of a cause, it will not relax its grasp upon the *res* until it shall have avoided a multiplicity of suits by doing full, adequate and complete justice between the parties. It will not content itself in this regard by any half-way measure. It will not declare that a party has been defrauded of his rights, and then dismiss him with a bland permission to assert, at new cost and further delay, those rights in another forum." Appellee contends, however, that the cause stated in the cross-petition was eliminated by the decree in the main action. Had the original petition been dismissed, this would not

have disposed of the cross-petition. *Spearing v. Chambers,* 25 Iowa, 99. How, then, would this result follow the entry of a decree determining the issues between the plaintiff and cross-petitioner? Possibly where such a decree disposes of the issues raised in the cross-petition in so far as germane to the original cause of action this result might follow if properly raised; but where, after such decree, the codefendant answers to the merits, without objection, he submits himself and the subject-matter to the jurisdiction of the court, and cannot thereafter invoke inquiry as to how he came to do so.

III. Appellee insists that as the cause was tried on the equity side of the calendar it must be heard *de novo,* and that this cannot be done, because the abstract does not contain the evidence. A trial *de novo* is not asked. The conclusion of the trial court was that the parties were not entitled to a hearing at all, and the case is brought here for the review of that error alone. That this remedy was available to appellant has been passed upon too often to require the citation of authority. But see *Lessenich v. Sellers,* 119 Iowa, 314, and cases cited. While the statute exacting the assignment of errors has been repealed, the rule that a party may bring a cause in equity to this court for review of errors has not been changed. The error was such an one as prevented a decision on the merits, and therefore is reversible, without a hearing *de novo.* Though the district court found the services to have been rendered at the times alleged, and to be of the value stated, this was gratuitous under its decision, and it never passed on the issue raised by the statute of limitations. This is a court of review, and not required to hear *de novo* until there has been a hearing and decision in the trial court.

For that purpose, the decree must be, and it is, reversed, and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.— *Reversed.*

BISHOP, J., took no part.