CASE 93—ACTION FOR MANDATORY INJUNCTION—MAY 8.

# Board Ed. City Covington, &c. v. Booth.

### APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

PUBLIC SCHOOLS—EXPULSION OF PUPIL—MANDATORY INJUNCTION.

Held:   The action of public school authorities in expelling a pupil
for violating a rule of the school will not be reviewed by the
courts unless the action was arbitrary or malicious.

WM. A. BYRNE, FOR APPELLANT.

Appellant John Morris, superintendent of the public schools of
the city of Covington, expelled Camilla G. Booth from the High
School of said city, for writing an essay which he and her
teacher, Miss Ella Shay, considered grossly insulting to Miss
Shay, deserving expulsion. The superintendent reported his
action to the board of education of said city, which board con-
curred in his action.

At a meeting of the board before concurrence by it in the ac-
tion of the superintendent, the father of appellee asked a hear-
ing or an investigation of the complaint against his daughter,
but the board being satisfied with the report of the superintend-
ent and the presentation to it of the essay complained of, and
other facts learned by the investigation of the superintendent,
refused a hearing to appellee's father on her behalf.

Appellee then filed her action in the Kenton Circuit Court
and obtained a mandatory injunction against appellants, re-
straining them from putting into effect the act of expulsion
against her.

## THE ISSUES.

Appellee made three pleas upon which issue was joined:
1. That the superintendent wrongfully and maliciously, without
cause or provocation, expelled her from the public schools.
2. That said superintendent wrongfully and maliciously sought out
and prejudiced the board of education against her.
3. That the board of education acted arbitrarily in concurring in the
action of the superintendent and arbitrarily denied her a hear-
ing.

Board Ed. City Covington, &c. v. Booth.

APPELLANTS PLEAD—

1. That appellee was expelled under Rule 41 because of an insulting composition, intended to be insulting.

2. That the board of education by authority concurred in the action of the superintendent.

3. That the appellee was disqualified from attending the public schools on account of her misconduct, and by reason of her expulsion and by reason of the act of the board of education concurring.

4. That there was no jurisdiction in the court to reinstate appellee, because the act of the board of education was final..

It is respectfully claimed by appellants: This is not shown to be, either by the pleadings or the facts proven, the character of case in which the courts can or will grant relief.

Where the authorities act within the limits of their power, and the power or rule under which they act is reasonable, there is no right of interference by the courts.

AUTHORITIES CITED.

Sec. 3212 Ky. Stat., charter of city of Covington, Rule 41 of the Board of Education; Ky. Stat., sec. 4417, 4418, 4506, sec. 5, Common School Laws; Hamilton v. Minogue, 15 Ky. Law Rep.. 127; Trustees v. Jamison, 12 Ky. Law Rep., 720; Bishop v. Ronte, 7 Ky. Law Rep., 362; Ky. School Lawyer by H. A. M. Henderson, pp. 188, 189; Schmidt v. Abraham Lincoln Lodge, 84 Ky., 400; Hetter v. German St. Aloysius Society, 4 Ky. Law Rep., 728; Cook v. College Physicians, &c., 9 Bush, 541; Caldfield v. Bullock, 18 B. Mon., 494; Board Ed. Cincinnati v. Minor, &c., 23 Ohio St., 311; Bissell v. Davidson, 65 Conn., 183 (29 L. R. A., 251); Donahue v. Richards, 38 Me., 379; Jenkins. v. Waldron, 11 Johns., 114; Semple v. Broadwill, 87 Ill., 617; Wilmart v. Burt, 7 Metc., 257; Orr v. Quimby, 54 N. H., 590; Mechem Pub. Officers, sec. 661; Sage v. Laurain, 19 Mich., 173; Eagle Top Highway Comrs. v. Ely, 54 Mich., 173; Baker v. State, 27 Ind., 485; Jones v. Loving, 55 Miss., 109; Freeport v. Marks, 59 Pa., 253; Buell v. Ball, 20 Iowa, 282; Cooley on Torts, p. 376; Downer v. Lent, 6 Cala., 94; Gregory v. Brooks, 37 Conn., 356; McCormick v. Burt, 95 Ill., 363; 35 Am. Rep., 163; Conyer v. Harrison, 5 Flackf., 138; Elmore v. Overton, 104 Ind., 548; 54 Am. Rep., 343; Wasoon v. Mitchell, 18 Iowa, 153; Chamberlain v. Clayton; 56 Iowa, 331, 41 Am. Rep., 101; Caulfield v. Bullock, 18 B. Mon., 494; Oakes v. Hill, 10 Pick., 333; Lilienthal v. Campbell, 22 La. Ann., 600; Edwards v. Ferguson, 73 Mo., 686; McDaniel v. Ebberts, 60 N. H., 497; Williams v. Weaver, 75 N. Y., 30; East River Gas Light Co. v. Donelly, 93 N. Y., 557;

Board Ed. City Covington, &c. v. Booth.

Burton v. Fulton, 49 Pa., 151; Steele v. Dunham, 26 Wis., 393; Fenwick v. Gibbs, 2 Dessauss Eq., 629; Henderson v. Smith, 26 W. Va., 829; 53 Am. Rep., 139; Rail v. Potts, 8 Humph., 225; Wilson v. March, 34 Vt., 352; Wilkes v. Dinsman, 7 How., 89 (12 L. Ed., 618); People Billings v. Bissell, 19 Ill., 229; 68 Am. Dec., 346; Maurain v. Smith, 8 R. I., 192; 5 Am. Rep., 564; State Law v. Towns, 8 Ga., 360; Texas Civil Apeals, 1898; Plummer v. Gholson, 44 S. W., 1; 90 Texas, 205, 383.

When the courts will and will not interfere. Cooley Con. Lim., p. 224 (note), Hodgkins v. Rockport, 105 Mass., 475; Murphy v. Directors, 30 Iowa, 429; Burdick v. Babcock, 31 Iowa, 562; Board, &c. v. Thompson, 33 Ohio, 321; Ruleson v. Post, 79 Ill., 567; Jaggard on Torts, p. 149; Sewell v. Board Ed. Defiance, 29 Ohio St., 89; Sherman v. Charleston, 8 Cush., 100; Speer v. Cunning, 23 Pick., 224; 34 Am. Dec., 53; Board Ed. Cartersville v. Purse, 41 L. R. A., 608; Roberts v. Boston, 5 Cush., (Mass.) 198; Ferriter v. Tyler, 48 Vt., 444; 21 Am. Rep., 133; State v. Burton, 45 Wis., 157; 35 Am. Rep., 736; People v. Dental Examiners, 112 Ill., 180; People v. State Prison, 4 Mich., 187; Shober v. Cochrane, 53 Md., 544; People v. Canal Board, 13 Barb., N. Y., 432; State v. Verner, 30 Car., 713.

WILL J. HOWARD, ATTORNEY FOR APPELLEE.

## POINTS AND AUTHORITIES.

The questions which this court is called upon to determine in this case may be briefly summarized as follows:

1. Is the right of a pupil (possessing all of the qualifications prescribed) to attend a public school an absolute right or one dependent upon the favor of the superintendent or the board of education?

2. Has the superintendent the right to exclude a pupil from the public schools without cause or provocation?

3. Are the actions of a school superintendent who wrongfully and maliciously and without cause or provocation expels and excludes a pupil from the public schools, and of a board of education that arbitrarily concurs in said exclusion and denies to the pupil a hearing or investigation final and conclusive, or subject to review by the courts?

## AUTHORITIES CITED.

Ky. Stat., secs. 3212-4521; High Extr. Legal Rem., secs. 332 and notes; 14 Am. & Eng. Ency. Law, 175, and authorities cited; State, Shielby v. School Dist. No. 1; 31 Neb., 552; Morrow v. Wood, 35 Wis., 59; 17 Am. Rep., 471; Trustees of Schools v.

People; Van Allen, 87 Ill., 303; 29 Am. Rep., 55; Ulrich v. Board
of Education, 4 N. Y. Supp., 102; State, Clark v. Osborne, 32
Mo. App., 536; Same, 24 Mo. App., 309; Board of Education v.
Helston, 32 Ill. App., 301; Perkins v. Independent School, &c.,
56 Iowa, 476; Stephenson v. Hall, 14 Barb., 222; Murphy v. In-
dependent Dist., &c., 30 Iowa, 429; Kentucky Civil Code of Prac-
tice, sec. 276; High on Injunctions, vol. 2, secs. 1308, 1309, 1310,
and 1311; Merrill on Mandamus, secs. 52 and 54; Savannah &
Ohio Canal Co. v. Shuman, 91 Ga., 402; Archie v. State, 99 Ga.,
23; School Dist., No. 23, v. McCoy, 30 Kansas, 268; King v. Jef-
ferson City School Board, 71 Mo., 628; Drith v. Snodgrass, 66
Mo., 286; 21 Am. & Eng. Ency. Law, pp. 771 to 776; State-Bowe
v. Fond-du-lac Board of Education, 63 Wis., 234; Holman v.
School Dist., No. 5; 77 Mich., 605; Board of Education of Car-
terville v. Purse, 41 L. R., 593; Bishop v. Riley, 156 Mass., 460.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

It appears from the petition in this action that the
plaintiff for a number of years had been a pupil in the
public school of the city of Covington, and that she was
expelled therefrom; and this action was instituted for the
purpose of obtaining a mandatory injunction to compel
the authorities of said city school to permit plaintiff to con-
tinue as a pupil in said school. It is substantially alleged
in the petition that the superintendent, Morris, wrongfully,
maliciously and without cause or provocation, expelled
plaintiff from the public school of said city; that, after
said expulsion, the plaintiff petitioned the board of edu-
cation of said city for investigation of the charges made,
and for the privilege of attending said school, but said
petition was denied. It further appears that the super-
intendent, after an investigation of the charges against
the plaintiff, which investigation was conducted by an in-
terview with the plaintiff and with the principal in her
division of the school, and with another in authority, to-
wit, Dr. Blaisdell, the superintendent expelled the plaintiff
from said school, and reported his action to the board of

education of the said city of Covington, which board approved his action. The defense is that the conduct of the plaintiff was such that the good order and proper conduct of the school and proper discipline thereof demanded that the plaintiff should be denied the privilege of attending said school. The court granted a temporary injunction compelling the defendants to admit the plaintiff to the privileges of said school, and upon final hearing made said injunction perpetual, and from that judgment this appeal is prosecuted.

It is the contention of appellee that the action of defendants was unreasonable, unauthorized, and arbitrary. The contention of appellants is that their action was lawful and was necessary for the proper and necessary management of the school. It is further contended that the court has no jurisdiction to review the action of the defendants, but under the statute, as well as by the inherent power of the school authorities, that defendants had the right to adopt such rules as would promote good order, and make the said city school efficient for the education of the children entitled to attend the same; and that rule 41 of said school board authorized the action taken by the defendants. Numerous authorities were cited, both by appellee and appellants, in support of their respective contentions. It does not appear that this court has ever been called upon to decide the questions in dispute in this action. The public schools of the State are for the benefit of the children within the school age, and their efficiency ought to be the sole object of those charged with the power and privilege of managing and conducting the same, and to this end great care should be taken to preserve order and a proper discipline, and also to see that no child within the school

age should be denied the privilege of attending said school unless the public interest demanded the expulsion of such pupil, or a denial of their right to attend the same. It necessarily follows that those in charge of said school must be allowed to judge of and determine as to the propriety of expelling scholars therefrom, and it is manifest that those in charge of the school are better qualified to judge of and determine as to what offenses justify expulsion than the courts can ordinarily be. It seems that the weight of authority is that a court may, in a proper case, by mandamus compel those in charge of schools to admit thereto any child within the school age; but this power, of necessity, must be based upon the fact that the child, as a matter of right and public policy, ought to be admitted. Our conclusion is that those in charge of such schools have a right to formulate such necessary rules as, in their judgment, will best promote the public good; and, if such rules are violated by any pupil, the right to expel such pupil exists, and may be exercised by the proper school authorities; and the question as to the guilt or innocence of the accused can not be reviewed by the courts unless it appears that such pupil was expelled arbitrarily or maliciously. We do not feel called upon to determine in this case whether the plaintiff was guilty of the offense for which it seems she was expelled from school. It may be that she did not mean to insult her teacher. That question was determined by the superintendent, and his action ratified by the board of education, and we do not think we have the authority to weigh and determine the evidence in respect thereto. We are not of opinion that the evidence in this case tends to show that the teacher, superintendent or board of education acted maliciously or unfairly in the matter under consideration. After a care-

ful consideration of the law and facts of this case, we are
of the opinion that the temporary injunction ought not
to have been granted, and that the court erred in making
the injunction perpetual. The judgment appealed from
is therefore reversed, and cause remanded, with direction
to set aside the judgment, dissolve the injunction, and dis-
miss plaintiff's petition, and for proceedings consistent
herewith.