CASE 4.—ACTION BY WAITE CROSS, BY NEXT FRIEND, AND ANOTHER, AGAINST TRUSTEES WALTON GRADED SCHOOL FOR AN INJUNCTION TO PERMIT HIM TO RETURN TO SCHOOL FROM WHICH HE HAD BEEN EXPELLED.—May 13.

# Cross, &c. v. Trustee Walton Graded School

Appeal from Boone Circuit Court.

J. W. CAMMACK, Special Judge.

From a judgment dismissing the petition, plaintiff appeals.—Affirmed.

1. Schools and School Districts—Suspension of Pupil—Reinstatement.—A pupil having been suspended from school for "the

remainder of the present term," which expired April 29th, had no right to sue July 28th to require the trustees to allow him to reenter school, on the theory that he had been expelled, where an inspection of the trustees' journal, which was open to their inspection under the express terms of Ky. St. 1903, section 4473, would have shown suspension only.

2. Same—Pleading—Evidence Not Supported by Pleadings—Admissibility.—In an action to require school trustees to allow a pupil to enter school on the theory that he had been expelled, he could not show that a resolution of the trustees purporting to merely suspend him did not correctly state their decision, or that it was not entered in the journal as adopted, where neither the petition nor reply attacked the resolution on either ground, nor alleged fraud or mistake in its form or language.

3. Same — "Disobedience" — "Insubordination" — Suspension — Grounds.—Ky. St. 1903, section 4367, requires common school pupils to comply with legal regulations for their government, and makes wilful disobedience or defiance of teachers' authority, etc., ground for suspension. Section 4473 authorizes school trustees to adopt such legal regulations as they may deem necessary. The trustees of a common school gave the principal general supervision over the pupils, and provided for annual commencement exercises. Plaintiff, a pupil, was familiar with the rules of the school. He was suspended for the remainder of a term, three weeks, for refusing to take a part in a dialogue in annual commencement exercises, as directed by the principal. Held that, though he could ask to be excused from taking the part assigned and to give his reasons for his request, if the principal regarded his reason insufficient, it was plaintiff's duty to obey, and his refusal to do so constituted disobedience, and his continued disobedience and refusal of offers permitting his return on taking another part constituted insubordination, and was good cause for the suspension.

4. Same—Trustees' Action—Conclusiveness.—The action of the trustees of a common school in approving the suspension of a pupil for disobedience is conclusive, and not subject to judicial interference, unless they acted arbitrarily or maliciously.

Cross, &c. v. Trustee Walton Graded School.

S. W. FOLIN and JOHN S. GAUNT for appellant.

POINTS.

1. There were no grounds for the suspension of the pupil, either real or imaginary.

2. The suspension by the principal was without time, and as his report shows for disobedience only. It is not material what word is used, suspension or expulsion, when the effect is the same.

3. There was no rule of the school requiring pupils to take part in such exercises as entertainments or things of that kind. None is shown.

4. If there was ever a custom it is not material, because appellant did not even technically violate it, as he never refused to take part in the exercises. The most extreme view which could be taken favorable to appellees is that the pupil said he could not do justice to the "Irish Character" the principal wanted to assign him.

5. The trustees never gave appellant a hearing before their body but refused to do so.

6. They formed and expressed an opinion on the question before they ever met, prejudicial to appellant.

7. Their entire conduct in the matter was arbitrary from the beginning.

8. The affirmative matter as set out in the second paragraph of their answer is incorrect as shown by their own evidence, and especially as to their records as filed by them. A fatal variance between pleading and proof.

9. It is clearly shown by the entire record that they never had any evidence before them as to what conversation took place between the pupil and the principal, which was attempted to be made the basis of their expulsion. The superintendent is gone and no effort made to obtain his depositions, and therefore the appellants are correct.

10. The whole investigation in such proceedings should be a matter of record, but not being so the court below erred in overruling the appellant's exceptions to appellees deposition when speaking as to what they said and done. Corporations can only speak by their records.

11. The court below erred in not sustaining appellant's demurrer to the second paragraph of the answer.

12. The judgment appealed from is not supported by either the law or facts.

FRANK E. CURLEY for appellee.

## POINTS DISCUSSED.

1. Appellant has no standing in court on his pleadings.

2. Action of the board of trustees in adopting their course of study and rules and regulations was within the power conferred upon them by statute.

3. The action of the board in suspending appellant from attending the school for th eremainder of the term was final unless they acted arbitrarily or maliciously.

4. There is no testimony showing that the board acted arbitrarily or maliciously.

## CASES CITED.

Board of Education v. Booth, 23 Ky. Law Rep., 288; Cross v. Board of Trustees, 28 Ky. Law Rep., 440; Spiller v. Woburn, 12 Allen, 127; People, Hughes v. School Officers, 18 Abb. Pr., 165; Kidder v. Chillis, 59 N. H., 473; Sewell v. School Board, 29 Ohio State, 89; State v. Brooks, (Kan.) 7 Pac., 591; Bank v. Markawitz, 65 N. Y. Supp., 369; State v. Berkeley (W. Va., 23 S. E. Rep., 608; Words & Phrases, vol. 6, p. 5309.)

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is the second appeal prosecuted by appellants in this case. On the first appeal (see Cross, by, etc., v. Bd. of Trustees Walton Graded Com. School, 121 Ky. 469, 89 S. W. 506, 28 Ky. Law Rep. 440) the judgment of the circuit court was reversed because of error committed by that court in sustaining a general demurrer to the petition; it being the opinion of this court that the facts alleged in the petition stated a good cause of action. The present appeal is from the judgment rendered by the circuit court on a trial of the case upon the merits, which dismissed the action at appellants' cost. Briefly stated, the cause of action alleged is that appellant Waite Cross, who was a student of the Walton graded common school, was by the act of W. P.

Dickey, principal of the school, and with the approval
of appellees, the trustees, maliciously, arbitrarily, and
without cause expelled from the school, "without con-
dition or limitation," and that the latter have refused
to permit him to re-enter the school, threaten to per-
sist in such refusal, and will continue to exclude him
therefrom, unless compelled by judgment and process
of the court to permit his return. The petition closed
with a prayer for a mandatory injunction requiring
the trustees to allow the appellant Waite Cross to
re-enter the school and resume his studies therein.
The action was instituted against the trustees alone;
the board being composed of the appellees A. N. Jones,
T. F. Courley, G. B. Powers, A. M. Rouse, Richard
Jones and William Ransler. The answer of the
trustees denied that the appellant Waite Cross was
maliciously, arbitrarily, or without cause expelled by
the principal, or that such alleged expulsion was with-
out condition or limitation or approved by the board
of trustees, or that he was expelled at all. It, how-
ever, contained the admission that appellant was, on
April 4, 1904, suspended from further attendance at
school during the remainder of the term, which closed
April 29, 1904, for disobedience of an order of the
principal, the rules and regulations of the school, and
for insubordination as a student; that the suspension
was ordered by the principal, and later approved by
the board of trustees after numerous meetings attend-
ed by Waite Cross, a full hearing of the charge, and
sufficient proof of his guilt thereof; and that the sus-
pension was necessary for his good and the discipline
of the school.

The action of the board of trustees with respect to
the suspension of the appellant Waite Cross is shown
by the following resolution or order entered upon the

record book kept by the board at the time of its adoption: "The principal's report suspending Waite Cross, a pupil in junior grade, for disobedience, was read, and the board having previously heard the statement of the principal and also that of the student, Waite Cross, and the board being duly advised in the matter, it is moved and unanimously carried that the action of the principal be sustained, and that the pupil, Waite Cross, be and he is hereby suspended from further attendance at school during the remainder of the present term, for disobedience and insubordination." Section 4473, Ky. Stats., 1903, provides that such action as was taken by the trustees in this instance shall be entered in the journal kept by them, which shall be open at all times to the inspection of any citizen of the graded common school district in which he or she may reside." The language of the foregoing resolution plainly shows that the student, Waite Cross, was not expelled from the Walton graded school as alleged, but was merely suspended from attendance thereat during the remainder of the term, viz., from April 4 to April 29, 1904, a period of only 25 days. It appears from the record that the decision of the trustees approving his suspension by the principal of the school was announced to Waite Cross and his father when made, April 4th; and whether then made or not they could have ascertained, at any time, by an inspection of the trustees' journal, that suspension, and not expulsion, was the penalty for his offense, yet notwithstanding such knowledge on their part, or means of information at hand, they delayed bringing this action until July 28, 1904, nearly three months after the period of Waite Cross' suspension had expired, and when there was no obstacle in the way of his attending the school at the

next or succeeding session, which had not then commenced.  In other words, when the action was instituted, there was no necessity for appellant's applying to the court for such relief as thereby sought; for the way of appellant Waite Cross' return to the school was open and unobstructed, because the term of his suspension had previously expired.  It would do appellants no injustice if we should hold that the affirmance of the judgment appealed from might be rested on this ground alone.  In making this suggestion we do not overlook appellants' claim that the trustees' journal has, in some mysterious way, been changed since their decision was rendered to make it appear that Waite Cross was suspended, instead of expelled, from the school; but there is no testimony save that of appellants, father and son, to support this claim, and theirs amounts to only an inference arising from what they contend was declared by the trustees to be their decision at the meeting of April 4, 1904. On the other hand, the testimony introduced by appellees is of such convincing weight and character as to leave no doubt that the only penalty imposed by the principal and approved or announced by the trustees of the Walton graded common school for the breach of discipline charged against the appellant Waite Cross was that of suspension during the remainder of the school term then nearing an end.  The same testimony is equally convincing of the further fact that the decision as thus made by the principal and trustees was immediately entered upon the journal of the board of trustees in the precise form in which it now appears.  All of appellants' testimony introduced for the purpose of showing that the resolution in question does not truthfully express the decision of the trustees, or their approval of the act of the principal of

the school with respect to the suspension of the appellant Waite Cross, or that it was not entered in the trustees' journal as adopted, was and is incompetent, as neither the petition nor reply attacks it upon any of these grounds or alleged fraud or mistake in its form or language. However, as none of this incompetent evidence was excepted to by appellees, we do not hold that the court should have excluded it.

An important question presented by the record for our consideration is: Was the refusal of the appellant Waite Cross to accept and prepare for the part in the approaching commencement exercises of the school assigned him by the principal such an act of disobedience as amounted to a violation of a reasonable rule or regulation, adopted by the board of trustees, for the proper discipline of the school? The Walton school is a graded school, maintained, like all other common schools of the State, by taxation. Therefore all white youths or children residing in the Walton graded common school district, who are within the school age, may attend the school in question upon such conditions as the statute with respect to common schools may prescribe. Section 4367, Ky. Stats., 1903, provides: "All pupils who may be admitted to common schools shall comply with the regulations established in pursuance of law for the government of such schools. Willful disobedience or defiance of the authority of the teachers, habitual profanity or vulgarity, or any other gross violation of propriety or law, shall constitute good cause for suspension or expulsion from school." Section 4473 provides: "Said trustees may adopt such by-laws and rules for the government of themselves and their appointees, and for the control, government and management of graded common schools in their respective districts, as they may deem

necessary, not in conflict with law, and shall keep a
journal of their proceedings, which shall be open at
all times to the inspection of any citizen of the graded
common school district in which he or she may re-
side.'' We find in the record, as a part of the evi-
dence, a catalogue of the Walton graded common
school for the school year beginning in the fall of
1903, and ending in the spring of 1904, containing a
number of rules and regulations adopted by the board
of trustees for the government of the school. Many of
these apply to the principal and teachers, others to the
pupils. Among the former we note the following:
''(1) It shall be the duty of the principal to exercise
general supervision over the conduct of all pupils.
(2) He (i. e., principal) shall have the power to sus-
pend any pupil for cause, but he must report such sus-
pension on the same day to the president or secretary
of the board of trustees.'' Among the rules appli-
cable to pupils we quote the following: ''(3) It shall
be the duty of all the pupils to treat all the teachers
with respect and courtesy, and to obey whatever is
commanded by any teacher, whether of his depart-
ment or not.'' W. P. Dickey was a teacher in, as well
as principal of, the Walton school. The catalogue
also contains an announcement of the annual com-
mencement exercises to be held at the close of the
school, April 29th, and the evidence showed that from
the date of its establishment the Walton graded com-
mon school had closed its school years with such com-
mencement exercises, and that, on such occasions, it
was the universal custom of the school to have, in
addition to essays or addresses from its graduates,
declamations, dialogues, and other similar exercises
conducted by such of the pupils as the principal or
teachers might select and appoint for the purpose.

As the appellant Waite Cross had, according to the evidence, attended the school from its beginning and frequently taken part in commencement exercises, he was familiar with the rules, regulations, and customs of the school, and must have known that, when directed by the principal of the school to take part in a dialogue at the approaching commencement, it was his duty to obey. He had the right to ask to be excused from taking the part assigned him, and to give his reasons for wishing to be relieved by the principal. But if the latter, upon hearing his grounds of excuse, regarded them insufficient, and nevertheless thought appellant a suitable person to take the part; in his capacity of principal and teacher or either, he had authority to command him to do so, and it was the duty of appellant to obey the command. We observe that the curriculum of the Walton graded common school embraced many of the higher studies, both in English and Latin, history and literature, as well as advanced mathematics, economics, and other important sciences; also that it requires pupils to write compositions and practice declamation. The latter exercises, together with the study of literature, necessarily include the study of elocution, and no better plan for improving the voice, acquiring ease of manner, and power of expression can be devised for the training of the average common school pupil than declamation and dialogue. Moreover, such exercises occurring at intervals, or at the school commencement, give the patrons of the school witnessing them some information as to the progress made by the children, and tend to inspire them with confidence in those in charge of the school, and also in the methods of teaching employed. So in assigning the appellant Waite Cross a character to personate or part to perform, in dialogue or play, at the commence-

ment, the principal acted in accordance with a long-established custom of the Walton school, and in pursuance of a reasonable regulation of the board of trustees, of which appellant as a student had full knowledge. While the appellant Waite Cross' version of his suspension by the principal of the school differed in some details of statement from that of the latter when they appeared before the board of trustees, it was patent from the statements of both that, though the former sought to be relieved of taking the part of the Irish character assigned him in the dialogue upon the ground that he was unequal to the task of personating it, when the principal advised him that he underrated his capacity and insisted that he take the part, the young man refused to do so, and then and there so notified the principal. For this act of disobedience the principal suspended him for the remainder of the term and ordered him to get his books and go home, which he at once did.

The discipline of the school required that some sort of punishment should have been meted out for this willful act of disobedience on the part of the pupil. Obviously the infliction of corporal punishment would have been unwise, for young Cross, being then 18 years of age and a member of the freshman class, was too large to be subjected to a whipping. In view of the situation confronting the principal, we are not prepared to say he transcended his authority in suspending the culprit or that the penalty inflicted, though amply sufficient, was more severe than it should have been. The evidence fails to show that the principal in suspending young Cross acted arbitrarily, from malice, or other improper motive. There had been no previous collision between them, and Cross himself admitted that the principal's treatment of him had

Cross, &c. v. Trustee Walton Graded School.

always been kind and helpful. The principal immediately gave the board of trustees written notice of appellant Waite Cross' suspension and of the cause thereof, and the board had a meeting on the evening of the same day for the purpose of determining whether the act of the principal in suspending him should be approved. The principal of the school and Waite Cross both attended that meeting; each giving, at the request of the trustees, his version of the suspension and the cause thereof. As already indicated, there was substantially no disagreement between them as to what took place when the suspension was declared. Notwithstanding this, the trustees seemed anxious to adjust the matter without approving the suspension of the young man. For this reason no action was taken at the first meeting. During that meeting, however, appellant Waite Cross was, in substance, advised by the trustees that, if he would agree to take a character or part in a play or dialogue other than that assigned him by the principal, they would cause the latter to remove the sentence of suspension and permit him to return to the school; but this offer was rejected by him. Following the first meeting of the trustees, several, if not all of them, visited Waite Cross and his parents at their home, and again proposed that the former re-enter the school upon the condition proposed at the first meeting; but the proposal was, as in the first instance, rejected. One of the trustees then proposed to the family that he be allowed to send Professor Dickey, the principal of the school to the Cross home to talk the matter over with the family; but the appellant James Cross, father of Waite, objected to a visit from the principal, and said his son should not return to the school unless the former was removed as principal. Three meetings of

the trustees were held in investigating the matter of young Cross's suspension, at least two of which he attended, and one of which was attended by his father. At these meetings and between them every effort that could reasonably be demanded was made by the trustees to procure the return of Waite Cross to the school; and not until they became satisfied that he would not return without action upon their part condemning the principal for suspending him did they in their official capacity adopt the resolution approving the act of the principal in ordering and enforcing his suspension. The resolution in question was adopted by unanimous vote of the trustees at the third and last meeting held by them in investigating the suspension of the appellant Waite Cross. Their action in approving his suspension was final and conclusive and can not be questioned by the courts, unless they acted arbitrarily or maliciously. Board of Education v. Booth, 110 Ky. 807, 23 Ky. L. R. 288, 62 S. W. 872, 43 L. R. A. 787; Cross v. Board of Trustees, 121 Ky. 469, 89 S. W. 506, 28 Ky. L. R. 440. A careful examination of the record convinces us that it contains no reliable evidence conducing to show that the trustees in approving the order of the principal suspending Waite Cross from further attending the Walton graded common school during the remainder of the term, which ended April 29, 1904, acted arbitrarily, maliciously, or without legal cause.

The fact that the resolution of the board of trustees declares the appellant Waite Cross suspended for insubordination as well as disobedience does not affect the case. He was disobedient to the principal because he refused to accept the part assigned him by the latter for the school commencement, and by continuing in such disobedience, and also rejecting the repeated

offers permitting his return to the school upon taking
another part than that assigned him in the first in-
stance, he became insubordinate as well as disobedient,
either of which was an offense justifying suspension.
As well said by this court in the opinion on the former
appeal: ''Nothing can be more important to the up-
holding and maintenance of the common school system
in its integrity than the enforcement of wholesome and
reasonable discipline among the students. This high
duty is cast upon the trustees, and the court will never
interfere with them while acting within their legal
province. * * *''

For the reasons given, the judgment is affirmed.
JUDGE LASSING not sitting.