## Hill v. Bickers.

(Decided October 25, 1916.)

### Appeal from Henry Circuit Court.

1. **Schools and School Districts—Vaccination of Children.**—The legislature may, by express provision, in the exercise of its police power, require or empower a local or administrative authority to require vaccination of children, as a condition of their being admitted to the public schools, although smallpox be not prevalent, or its outbreak be not apprehended.

2. **Health—Smallpox—Prevention From Spreading.**—When there is a reasonable apprehension of the outbreak of a communicable disease, such as smallpox, health boards have authority to take such action as may be necessary in order to stamp out the disease and prevent its spreading.

MOODY & BARBOUR for appellants.

TURNER & TURNER and CHAS. H. SANFORD for appellees.

OPINION OF CHIEF JUSTICE MILLER—Dissolving injunction.

This action is by Hill, the principal teacher in the Bethlehem graded common school, the five district trustees, and ten patrons of the school, as plaintiffs, against the Henry county board of health and the county health officer, to prevent the defendants, by injunction, from enforcing an order of the county board of health which required the teachers and pupils in the common schools of the county to be vaccinated as a condition to their further attendance.

By virtue of section 2049 of the Kentucky Statutes giving it general supervision of the health of the citizens of the State, with power to make and enforce rules and regulations to prevent the introduction or spread

of infectious or contagious diseases to or within the State, the State board of health promulgated Rule 35, which reads as follows:

"No person shall become a member of any school within the jurisdiction of this Board, as teacher or scholar, without furnishing a certificate from some reputable physician that he or she has been successfully vaccinated, and has been revaccinated at least once in each seven years."

On August 31st, 1916, the Henry county board of health took steps to enforce Rule 35, *supra,* on and after September 11th, 1916, by notifying the teachers and trustees of the county schools to obey the rule. Hill conceived the idea that he had no right or authority as teacher to reject any pupil that offered to attend; and, backed by Stone, the chairman of the district board of trustees, who took the ground that the local board of health had no authority to enter or enforce the order of August 31st, Hill declined to prohibit the attendance of unvaccinated pupils. Thereupon, the local health board caused warrants to be issued against Hill and Stone for disobedience of said order; and, the petition alleges that the defendants are threatening to have other and repeated similar warrants to issue against the plaintiffs. The affidavits show that the residents of Bethlehem district, almost without exception, are violently opposed to the enforced vaccination of their children, and regard it as an unnecessary and unwarranted invasion of their rights.

The circuit judge having granted the relief asked, by enjoining the enforcement of Rule 35, the local health board has applied for a dissolution of the injunction. The motion was orally argued before the judges of the western division, sitting in chambers.

The general and uniform rule is that when there is a reasonable apprehension of the outbreak of a communicable disease, such as smallpox, health boards have authority to take such action as was here directed, in order to stamp out the disease and prevent its spreading. Even without a specific delegation of power, local or administrative authorities having control of the schools or general care of the public health are justified, by the existence of an emergency, in making vaccination a condition for admission to the public schools, 21 Cyc. 393. And, the legislature may also, by express provis-

ion, in the exercise of its police power, require or empower a local or administrative authority to require vaccination of children, as a condition of their being admitted to the public schools, although smallpox be not prevalent, or its outbreak be not apprehended. *Ib. Re* Viemeister, 179 N. Y. 235, 70 L. R. A. 796, 101 Am. St. Rep. 859, 1 Ann. Cas. 334; People v. Ekerold, 211 N. Y. 386, L. R. A. 1915 D. 223. But the converse is equally true, that unless such power is clearly conferred, local bodies may not require vaccination in the absense of smallpox, or the apprehension of an immediate outbreak thereof.

See People v. Board of Education, 234 Ill. 422, 17 L. R. A. (N. S.) 709, and note thereto.

The general rule and its limitations were fully recognized and approved by this court in the recent case of Board of Trustees of Highland Park G. C. S. D. v. McMurtry, 169 Ky. 459, 467. Indeed, it would seem that this case comes squarely within the rule announced in the McMurtry case and is controlled by it.

The plaintiffs insist, however, that the McMurtry case is not controlling, in its facts, since the action of the local health board was there sustained because there was a reasonable apprehension of the outbreak of smallpox in Highland Park district, while, it is claimed, no such apprehension does or can exist in Bethlehem district. In the McMurtry case the court was careful to say that the question of the power of the State Board of Health, or of the local board in the absence of smallpox or an apprehension of its outbreak, to order the vaccination of all children as a condition to their attendance on school, was not before the court, and was not decided. But the plaintiffs insist that the question expressly left open in the McMurtry case, is now before the court, for the first time, and of necessity, must be now decided.

We have not reached that conclusion. In our opinion the facts of this case bring it within the principle applied in the McMurtry case.

The application for the injunction was tried upon affidavits; and for the plaintiffs we have the joint affidavit of the five trustees; the joint affidavit of ten patrons of the school; and the affidavits of McGowan, the county superintendent of public schools, of B. F. Hill, the teacher, of L. W. Stivers, trustee of the adjoining dis-

trict, and Dr. D. Wilhoit, of Bethlehem, and Dr. J. T. McDonald, of New Castle.

Stripping these affidavits of their irrelevant portions and giving them their full effect, they fail to meet the situation as presented by the local board of health.

Hill says there is not now a case of smallpox in Henry county, and that there has been none in the past twelve months; that there has not been a case of said disease in Bethlehem district within the past eight years; that the school is flourishing; that, in his opinion, there is no reasonable apprehension, or any apprehension or probability, of an outbreak of smallpox in the county, or school district; that no resident of the district has joined the State Guard within the past two years, or been in any military camp within that time; and that an enforcement of Rule 35 will disrupt the school.

The five trustees jointly say there is no reasonable or any apprehension or probability of an outbreak of smallpox in Bethlehem district, that the enforcement of Rule 35 is unnecessary, unreasonable, oppressive and obnoxious to them and to the patrons and teachers of the school, and will disrupt the school, by its patrons withdrawing their children therefrom. The affidavit of McGowan, the affidavit of the ten patrons, and the affidavit of Stivers, are to the same effect, with the additional statement by the patrons to the effect "that the people who live in the district, almost without exception, are violently opposed to the enforced vaccination of their children."

Dr. Wilhoit merely says that he has resided at Bethlehem since March 16th, 1916; that there has not been a case of smallpox in Bethlehem during that period, and that there is no reasonable apprehension of an outbreak of smallpox in the district.

Dr. McDonald lives in New Castle; and, speaking from information, he says there has not been a case of smallpox in Henry county for more than a year before October 4th, 1916, and that there is no reasonable apprehension of an outbreak of that disease in the county, or in the Bethlehem district.

On the other hand, the board of health shows by the affidavits of Drs. A. P. Dowden, E. E. Bickers, and T. J. Hower, residents of Henry county and physicians of long practice in that county, that in every Fall and Spring for the past nine years some section of Henry county

has been quarantined, at great expense, on account of an outbreak of smallpox; that in view of that fact and the further fact that smallpox was prevalent among the State troops encamped at Fort Thomas, Ky., and that about forty militiamen from Henry county had been encamped at Fort Thomas and had returned to Henry county, the local board of health had concluded, after a full discussion of the situation, that it was not only proper and reasonable, but necessary, for the preservation of the health of the people of the county, to enforce Rule 35. They further state that vaccination is a safe and sure preventive of smallpox; that after a case of smallpox has appeared in a neighborhood it is then too late to vaccinate the school children in order to prevent the closing of the school, but that by taking the situation in hand and vaccinating the children before smallpox appears, there will be no need of closing the schools, and that the vaccination is done at the expense of the county in cases where parents are unable to pay it.

Owen Carroll, a practicing physician with twenty-five years' experience and health officer for Henry county during the past eight years, says that during that period, he has had control and supervision of about three hundred cases of smallpox in Henry county; that there have been numerous outbreaks of smallpox at different times and at different places in the county, and at least one such outbreak every year except the year 1911; that there had been three deaths from smallpox in the county during said time; that in 1909 Henry county expended $1,000.00 for guards, food and supplies in preventing the spreading of smallpox in the county; that every year since 1909 the county has expended from $100.00 to $300.00 for the same purpose, in addition to the expense borne by the patients themselves; that in his opinion, and in the opinion of the medical profession as a whole, vaccination is necessary in order to prevent smallpox; and that, with the exception of the year 1911, he has been compelled to close from one to three public schools of Henry county each year, during his service as health officer, on account of smallpox.

Carroll further says that during the past Summer a militia company composed of sixty residents of Henry county was sent to Fort Thomas, Ky., where smallpox was prevalent, and that about forty of them returned to Henry county; that a number of the citizens of that

county visited the camp at Fort Thomas; that in the opinion of the local health board, it was necessary to require the vaccination of school children in order to prevent the outbreak of smallpox among them; that all the schools of the county, except the Bethlehem school, and one small school adjoining it, have complied with the rule; and, in his opinion, the enforcement of the rule is only a reasonable precaution, under the existing conditions.

Dr. W. L. Nuttal, a practicing physician of over forty years' experience, sustains the health board and the health officer, and says the enforcement of the rule requiring vaccination of the school children is not only reasonable but necessary, to prevent an outbreak of smallpox, giving his reasons for his opinion.

In view of this experience in Henry county during the past eight years, it is idle for the residents of Bethlehem district to say there is no necessity of enforcing the vaccination rule in the schools, or that it is an unreasonable requirement on the part of the health board. They would make their unprofessional opinions jeopardize the health and lives of all the citizens of the county. Matters of such grave importance are not to be decided according to the whims of laymen. It presents a medical question; and for that reason boards of health are usually composed of physicians—experts in that line.

The proof makes it plain that the action of the health board was not only reasonable, but that it was necessary. If it had done less, it clearly would have failed in its duty.

The case comes squarely within the rule announced in the McMurtry case, *supra*.

The injunction granted by the circuit court is dissolved.

Judges Settle, Turner and Hurt concur.