## Mosier v. Barren County Board Of Health.

## Stuart v. Barren County Board Of Health.

December 17, 1948.

Wilson & Wilson and Marion Vance for appellants.

Richard L. Garnett for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

These two consolidated actions were brought by appellants, D. H. Mosier and W. V. N. Stuart, as the fathers and next friends of their infant daughters, against the members of the Barren County Board of Health and of the Glasgow City Board of Education. The petitions asked that the two Boards be enjoined from enforcing a resolution each had passed requiring all school children to be vaccinated for smallpox, or else be excluded from the city schools. The chancellor in an exhaustive opinion refused the injunction, dismissed the petitions and this appeal followed.

In seeking to reverse the judgment appellants insist: 1. There was no reasonable apprehension of a smallpox epidemic, therefore vaccination was unncessary. 2. The school board was without authority to enforce the regulations of the health board requiring vaccination. 3. Compulsory vaccination interferes with the constitutional rights of these children. 4. The two girls were not

physically fit to undergo vaccination and it would be detrimental to their health.

Dr. Paul S. York testified there was reasonable apprehension that smallpox might break out in Barren County due to the fact that Glasgow is located on Highway 31-E, one of the main arteries of travel between the North and South, and that many soldiers coming home from Europe, Asia and different parts of the world, where smallpox existed, were returning to and passing through Glasgow and Barren County. The testimony of five other doctors corroborated Dr. York. The record shows that smallpox is a very contagious disease which may be transmitted through the respiratory organs, as well as by persons coming in contact with objects which have been contaminated or infected. The record further shows that vaccination is not only a sure preventive against the disease but that it is practically safe.

Appellants argue with much force that there is not now, nor has there been, a case of smallpox in Barren or the surrounding counties in years and years and there is no reasonable basis for the apprehension of an outbreak of the disease in the county. The answer to this argument appears in Board of Trustees etc. v. McMurtry, 169 Ky. 457, 459, 184 S. W. 390, 394, where it was written that the health authorities are not required to wait until an epidemic exists before acting, but it is their duty to adopt timely measures to prevent one. While they may not harass the public by unreasonable or arbitrary regulations, such matters are left to their sound discretion rather than to the whims of laymen. What was said in the McMurtry opinion was approved shortly thereafter in Hill v. Bickers, 171 Ky. 703, 188 S. W. 766, where like argument was made that there was no reasonable basis for apprehension of a smallpox epidemic. It was there pointed out it was too late to start vaccinating to prevent the closing of schools after a case of smallpox appears.

The State Board of Health adopted rule 64, which reads:

"No person shall become a member of any public or private school within the jurisdiction of this board as a teacher or scholar without furnishing a certificate from some reputable physician that he or she has become

successfully vaccinated within seven years, nor shall such person be permitted to remain a member of said public or private school as a teacher or scholar without being vaccinated at least every seven years.''

As we understand the record, this is the rule which the school board is attempting to enforce.

Appellants insist that the Legislature has made no provision for the vaccination of school children and rule 64 was made by the State Board of Health under its general authority and the school board is without power to enforce it. They are wrong. It is provided in KRS 214.040 that all adults shall procure their own vaccination. While KRS 214.050 says: ''All parents, guardians and other persons having the care, custody or control of any minor or who have a minor in their employ, shall have the minor vaccinated for smallpox within twelve months after birth or after the minor comes under their care, custody or control.'' It is provided in KRS 158.-150: ''All pupils admitted to the common schools shall comply with the lawful regulations for the government of the schools.'' Reading this section in conjunction with KRS 214.050, we are convinced that the school board had the right to promulgate and enforce its own rules requiring compulsory vaccination of the children, or it could enforce, in its own right, such a rule promulgated by either the county or state board of health.

We might add in passing that it hardly behooves appellants to ask the aid of a court of equity in their effort to prevent the school board from requiring their children to be vaccinated, when KRS 214.050 requires them as parents to have their children vaccinated, which statutory duty they wilfully neglected.

But little space will be devoted to the question that vaccination violates the constitutional rights of these children. Massachusetts has a statute making vaccination compulsory, and Jacobson v. Commonwealth of Massachusetts, 197 U. S. 11, 25 S. Ct. 358, 49 L. Ed. 643, 3 Ann. Cas. 765, held it to be constitutional. In the course of the opinion, 197 U. S. 11, 25 S. Ct. at pages 363, 364, 49 L. Ed. at pages 652, 653, it was said that the state had authority to refuse children admission to the public schools until they were vaccinated, and many

cases from various states were cited in support of that statement.

Both appellants are chiropractors and Stuart pleaded that his religious and conscientious belief prevented him from subjecting his children to vaccination by injecting foreign substances into the veins; consequently, to enforce the resolution of the school board compelling him to have his children vaccinated would interfere with his religious freedom in violation of sec. 1, subsec. 2 of our Constitution and the 14th Amendment of the Federal Constitution. As pointed out in United States v. Ballard, 322 U. S. 78, 64 S. Ct. 882, 886, 88 L. Ed. 1148, religious freedom embraces two conceptions, "Freedom to believe and freedom to act. The first is absolute but, in the nature of things, the second cannot be." The Ballard opinion quoted from Cantwell v. Connecticut, 310 U. S. 296, 60 S. Ct. 900, 84 L. Ed. 1213, 128 A. L. R. 1352, where it was written that one may have any religious belief desired, but one's conduct remains subject to regulation for the protection of society.

A learned and exhaustive opinion was written by Judge Tilford while a member of this Court, Lawson v. Commonwealth, 291 Ky. 487, 164 S. W. 2d 972, wherein he pointed out that the constitutional guarantee of religious freedom does not permit the practice of religious rites dangerous or detrimental to the lives, safety or health of the participants or to the public. Rather than again discuss the matter, we refer the reader to the Lawson opinion.

There may be no interference with appellant's, Stuart's, religious belief against vaccination, but he may not endanger the health of the community by refusing to have his daughter vaccinated.

Coming to the fourth and last ground relied upon by appellants for reversal, their daughters were not physically fit to undergo vaccination, it will suffice to say that the medical testimony in the record does not substantiate this claim. The preponderance of the medical testimony is to the effect that any child physically able to attend school can be vaccinated safely and without injury.

For the reasons given, the judgment of the chancellor is affirmed.