**CASEY COUNTY BOARD OF EDUCATION
et al., Appellants,**

v.

**C. T. LUSTER, as the Father of Cecil Lus-
ter, an Infant Age 13, et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 23, 1955.

Moore & Pittman, Liberty, for appellants.

L. C. Lawrence, Jamestown, for appellees.

SIMS, Judge.

The question for determination is the legality of a rule promulgated by the Principal of the Middleburg Public School in Casey County which provides:

> "No one, while in school, shall be allowed to enter the restaurant of Mr. Russell or any other business establishment in the town without permission from 8:15 A.M. until 3:00 P.M."

The trial judge in a written opinion held this rule was arbitrary, therefore void, and enjoined the County Board of Education and the Principal from enforcing it.

The school operated a lunchroom where children able to pay obtained their lunches for twenty cents and no charge was made against indigent ones. Children who resided near the school, upon the request of their parents, were permitted to go home for lunch.

A Mr. Russell operated a cafe immediately adjoining the playground from which the children could be served without leaving the school premises. It is not denied the rule was put in effect to prevent these children from buying food at this cafe and to encourage those who purchased their lunches to do so at the school lunchroom.

C. T. Luster, a citizen and taxpayer of Casey County, had two children in the school and persisted in taking them to the Russell cafe, or in letting them go there, for lunch. On September 14, 1953, the Principal wrote Mr. Luster to the effect that because he was "continuing to force his children to disobey the school regulation" and allowing them to go to Russell's cafe during school hours, the members of the County Board of Education, the Superintendent and Principal were suspending his two children from school; but they would be automatically reinstated upon complying with the school regulation.

It is provided in KRS 158.150: "All pupils admitted to the common schools shall comply with the lawful regulations for the government of the schools"; and for willful disobedience may be suspended or expelled; but before a pupil may be expelled his parents or guardian, or whoever has legal control or custody of the child, must be given an opportunity to have a hearing before the Board. We quote KRS 161.180: "Each teacher in the public schools shall hold pupils to a strict account for their conduct in school, on the way to and from school, on the playgrounds, and during intermission or recess."

■ These statutes plainly authorize public schools to make and enforce reasonable regulations for the government of such schools during school hours.

■ It is essential that power be vested in some recognized agency in order to maintain discipline and efficiency in public schools. Those in charge of such institutions have a right to formulate such necessary rules as in their judgment will best promote the public good. Teachers and officials of public schools, who in a general way stand in loco parentis to their pupils, are better qualified to judge of the wisdom of such rules and regulations than are the courts. The only concern of the courts is to determine whether the school rules and regulations are reasonable or whether they are arbitrary. The law commits the government and conduct of public schools, in general, to the discretion of the school board and places same beyond that of the patrons. The courts will not interfere with the discretion of school authorities in the rules they may promulgate unless it appears they have acted arbitrarily or maliciously. Board of Education of City of Covington v. Booth, 110 Ky. 807, 62 S.W. 872, 23 Ky.Law Rep. 288, 53 L.R.A. 787; Cross v. Board of Trustees of Walton Graded Common School, 129 Ky. 35, 110 S. W. 346, 33 Ky.Law Rep. 472; Byrd v. Begley, 262 Ky. 422, 90 S.W.2d 370.

This appears to be the general rule as is shown by an examination of Christian v. Jones, 211 Ala. 161, 100 So. 99, 32 A.L.R. 1340; Flory v. Smith, 145 Va. 164, 134 S. E. 360, 48 A.L.R. 654; where many authorities are cited. See also our case of Gott v. Berea College, 156 Ky. 376, 161 S.W. 204, 51 L.R.A.,N.S., 17, which says endowed schools have authority to promulgate rules and regulations, and Mosier v. Barren County Health Board, 308 Ky. 829, 215 S. W.2d 967, where it was held a school board can promulgate and enforce its own rules requiring compulsory vaccination.

■ It cannot be successfully contended that the regulation prohibiting the children from entering or patronizing the Russell cafe during school hours was unreasonable or arbitrary. It is common knowledge that children, if allowed to depend upon their own selection, often indulge themselves in unbalanced diets. Furthermore, if uncontrolled at table young children are apt to engage in rough or uncouth practices and conduct. If the school lunch is to be successful, then all children who purchase their noon meal may be required to do so from the school lunchroom. The regulation appears to be for the common good of all children attending this school and we find that it is not unreasonable or

arbitrary. This case is quite like Flory v. Smith, cited in the paragraph above, where the Virginia Supreme Court of Appeals upheld a school regulation which prevented the father of two children from daily taking them to lunch with him at a hotel.

Appellee argues that his children cannot be expelled from school under KRS 158.-150 without him having an opportunity to be heard by the school board. He overlooks the fact that his children were not expelled but only suspended, and the order of suspension expressly recited they may automatically return to school upon compliance with the regulation that they not patronize the Russell cafe during school hours.

Appellee puts his chief reliance in Hailey v. Brooks, Tex.Civ.App., 191 S.W. 781. There, the complaint charged the trustees and faculty of the school entered into a conspiracy to boycott plaintiff's business in violation of certain Texas statutes forbidding agreements in restraint of trade. Solely on the averments of the complaint, and without a hearing, the trial judge denied an injunction against the school authorities. The case was remanded by the appellate court for a hearing upon the averments of the complaint. It is obvious this case is not controlling here as the decision was based on Texas statutes and procedure.

We cannot see where Gentry v. Memphis Federation of Musicians, 177 Tenn. 566, 151 S.W.2d 1081, 134 A.L.R. 1270, has any application to the case at bar. It was there held that an act of the Legislature in an attempt to regulate the extracurricular activities of the students having no connection with the schools was for the profit of another group of citizens and was unconstitutional. Patently, the regulation in the instant case had no bearing on the extracurricular activities of these children and was directed at controlling them at noon recess; nor was it designed to profit another group of citizens. It was put into effect for the good of all the children in the school.

There is no merit in appellee's contention that this regulation violates § 2 of our Constitution prohibiting the vesting of arbitrary power over the lives, liberty and property of citizens. As we have shown above the regulation was not arbitrary, but was reasonable in the operation of the school. Nor did the regulation violate §§ 13 and 242 of our Constitution forbidding the taking of private property without just compensation. Here, no property was taken from the children or their parents. And it cannot be said with reason that the regulation violates § 17 of our Constitution forbidding excessive bail, fine, or cruel punishment. No punishment was imposed on anybody. The children were merely denied the privilege of attending school until they complied with a reasonable school regulation.

The judgment is reversed with directions that the complaint be dismissed.

MONTGOMERY, J., not sitting.